[Carwile v. Carwile.]

# Carwile v. Carwile.

## *Action of Detinue.*

1. *Action of detinue; hearsay evidence inadmissible.*—In an action of detinue to recover a cow and calf alleged to have been taken from the plaintiff's farm by the defendant, the testimony of the plaintiff as to statements made to him by his tenant regarding the taking of the stock sued for by the defendant, and that the tenant told him that after so taking them the defendant refused to surrender the possession of the stock, is inadmissible in evidence; such testimony being hearsay.

2. *Evidence; when error not shown in the exclusion of answers; appeals.*—Where, in the trial of a civil case, exceptions are reserved to the rulings of the court in excluding the answers to certain questions on motion of the defendant, and the bill of exceptions shows said questions, but not the excluded answers, it can not be held on appeal that the court committed an error for excluding such answers; since the rulings in the trial court must be presumed to be correct until error is affirmatively shown.

3. *Action of detinue; charge of court to jury.*—In an action of detinue to recover a cow and calf, alleged to have been taken from the plaintiff's farm by the defendant, who was his wife, where there is evidence tending to show that in the settlement of their respective claims to certain property, it was agreed that the defendant should have the cow and calf sued for, and that in accordance with the terms of the agreement the defendant took possession of said property, charges requested by the plaintiff which ignore this phase of the testimony are properly refused.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This was an action of detinue brought by the appellant, Z. T. Carwile, against the appellee, Emma Carwile, to recover a cow and calf. It was shown that the plaintiff and defendant were husband and wife, but had separated and were living apart. The testimony on the part of the plaintiff tended to show that the plaintiff

bought the cow in controversy from one Rush while that for the defendant tended to show that she was the purchaser.

The plaintiff, as a witness in his own behalf, testified that during the month of November, he left home; that when he left the cow sued for in this action was on his farm; that when he returned home his tenant, F. M. Norwood, who was left in charge of his place and of his stock during his absence, told him that the defendant, Emma Carwile, had been there and driven away the cow under Norwood's protest; that he sent Norwood to demand the cow from the defendant before instituting the present suit; and that Norwood, on his return, informed him that the defendant refused to surrender possession of the cow. The defendant moved the court to exclude all of the testimony of the witness concerning what Norwood had told him. The court sustained this motion, and the defendant duly excepted.

The bill of exceptions recites in several instances that the court sustained the defendant's objections to answers made to questions propounded to several witnesses, and to each of such rulings the plaintiff separately excepted; but the answers to which objections were sustained, and which were excluded on motion of the defendant, are not shown by the bill of exceptions.

W. D. Rush, a witness for the defendant, was asked if he had ever heard the defendant make any declarations about the cow in controversy while she and plaintiff were living together. To this question plaintiff objected, but the objection was overruled, and plaintiff duly excepted. The witness answered that he had heard defendant say the cow belonged to her, but the plaintiff was not present when the declaration was made.

The plaintiff, as a witness for himself, further testified that his wife, the defendant, left him; that on returning home he refused to live with her and told her he would give her all they had in the house and the stock if she wanted them; that she came and took away the household furniture and they came together for a settlement; that on the night they had a settlement of the matters between them he told the defendant that

[Carwile v. Carwile.]

since Rush was her adviser he had reconsidered the proposition with reference to the cattle and would not give her any of the cattle, but if she would have them appraised, he would give her the value of them in money and defendant refused this proposition. This was corroborated by Simmon Sellers. The defendant, after testifying that she bought the cow and paid for it with her money, further testified that she asked plaintiff for the cow in the presence of Simmon Sellers and plaintiff told her she could come and get the cow when she "came fresh," and that as soon as the cow "came fresh" she went to the farm and drove her away. The plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you, gentlemen of the jury, that if you believe from the evidence that Z. T. Carwile purchased the cow in question and it remained on his farm until November 22, 1900, your verdict should be for the plaintiff." (2.) "I charge you, gentlemen of the jury, that if you believe from the evidence that the cow in question was purchased by Z. T. Carwile, your verdict shall be for the plaintiff."

There were verdict and judgment for the defendant. Plaintiff appeals, and assigns as error the various rulings of the court upon the evidence and the refusal to charge the jury as requested by him in writing.

PINKNEY SCOTT, for appellant, cited *Prince v. State,* 100 Ala. 144; *Berlin M. Works v. Ala. City Fur. Co.,* 112 Ala. 488.

PORTER & PERRY and O. W. WARD, *contra,* cited *Warren v. Wagner,* 75 Ala. 188; *Roberts v. State,* 68 Ala. 515; *Perry v. Danner,* 74 Ala. 485; *Jones v. State,* 69 Ala. 102.

TYSON, J.—The court correctly excluded the statements of plaintiff as a witness, of what Norwood told him about demanding the cow of defendant and her refusal to surrender the possession of it. This was hearsay testimony.

[McQueen v. Wilson *et al.*]

The second, third and fourth assignments of error are predicated upon the rulings of the court in excluding the answers to certain questions, on the objection of defendant, which questions are shown by the bill of exceptions, but the excluded answers are not. Unless we presume error, we cannot affirm that the answers were responsive, material and relevant to the issue. This we cannot do. Error must affirmatively be shown and unless it is we must indulge the presumption, that it was not admitted. These answers, to the exclusion of which the exceptions were reserved, may have been irresponsive, irrelevant and immaterial and in order to put the court in error, the record should, at least, have negatived the presumption which we are bound to indulge to sustain the judgment appealed from.

There was testimony tending to show that plaintiff and defendant had met for the purpose of adjusting and settling their respective claims to certain property which resulted in an agreement that defendant should have the cow and calf in controversy. That in accordance with the terms of that agreement defendant took possession of the property. The charges refused to plaintiff ignore this phase of the testimony, which if believed by the jury, would authorize a verdict for defendant, without reference to which of them may have purchased the cow.

Affirmed.